IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYLAN NELSON BAILEY, JR., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | 3:19-cv-2042-S (BT) | |
| § | | |
| FRANCISCO FUENTEZ, ET. AL, § | | |
|     Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Waylan Nelson Bailey, Jr., a state prisoner, filed this *pro se* complaint for violation of his civil rights under 42 U.S.C. § 1983. For the following reasons, the Court should dismiss the complaint.

I.

Bailey brings this lawsuit against the Board of Pardons and Paroles, as well as Parole Officers Francisco Fuentez and Brandy Fulfer. He claims Defendants issued a warrant for his arrest alleging he violated his parole, but he had already discharged his sentence. At the time of his arrest for the parole violation, he was also arrested and charged with a new criminal offense. He contends the parole warrant prevented him from posting bond on the new criminal charge for eight months. He claims he informed Officer Fuentez that he had discharged his sentence, but Fuentez did not lift the warrant. He seeks money damages for the Defendants' alleged violations of his rights.

1

II.

Bailey's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

III.

A. <u>Bailey's claims against the Board of Pardons and Paroles should be dismissed under the Eleventh Amendment.</u>

Bailey names the Board of Pardons and Paroles ("Board") as a defendant. The Board, however, is a state agency and is immune from suit under the Eleventh Amendment. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (*per curiam*) ("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity."); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (same). Bailey's claims against the Board should be dismissed.

B. <u>Bailey's claims against Defendants Fuentes and Fulfer are barred under *Heck v. Humphrey*.</u>

Bailey argues Parole Officers Fuentes and Fulfer issued a parole revocation warrant that prevented him from posting bail on his new criminal charges for eight months. He claims the revocation warrant was unlawful because he had already completed his sentence. Bailey's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question be a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

3

*Id.* at 486-87. Here, Bailey has failed to show that his imprisonment on the parole warrant has been invalidated. *See Davis v. Lynch*, 349 F. App'x 947, 948 (5th Cir. 2009) (per curiam) (finding claim that a parole revocation warrant prevented defendant from posting bond on new criminal charge was barred by *Heck* where defendant failed to show his incarceration on the revocation warrant had been invalidated). Bailey's claim should therefore be dismissed until he can show he satisfies the conditions set forth in *Heck*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (stating dismissal should be with prejudice until *Heck* conditions are met).

## IV.

The Court recommends that Bailey's claims against the Board of Pardons and Paroles be dismissed under 28 U.S.C. §§ 1915A and 1915(e) and his remaining claims be dismissed with prejudice until the *Heck v. Humphrey*, 512 U.S. 477 (1994), conditions are met.

Signed March 23, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).